**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BOBBY JOE HASTINGS,

    Petitioner,

v.                                                 CASE NO: 8:07-CV-925-T-30EAJ

FLORIDA ATTORNEY GENERAL and
SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondents.
_____/

## ORDER

Bobby Joe Hastings, hereinafter referred to as "Petitioner" or "Hastings," an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #15) and Petitioner's reply (Dkt. #24). Upon review, the Court determines that the petition must be denied because it fails to meet the requirements of 28 U.S.C. §2254(d) and (e).

### FACTUAL BACKGROUND

In his petition, Hastings describes the facts as follows:

On May 7, 2005, Petitioner entered two buildings under construction located at 1133 and 1143 Elderberry Drive.

\* \* \*

> The buildings . . . were on a designated construction site, and protected under FS 810.09(2)(D) and were not occupiable.
>
> Furthermore, the buildings under construction had not met the minimum requirements to pass as a dwelling set forth by the Florida Building Code. (Section 110.1 - 110.2 and 310.1 R-2).
>
> Petitioner made counsel aware that said buildings were under construction in an area listed as an (sic) Construction Site (Designated).
>
> Petitioner requested counsel to investigate to determine if said structures met the statutory requirements of a dwelling. Counsel stated that "because it had a roof and four walls," that it met said requirements.
>
> At the advice of counsel, Petitioner entered a plea of guilty on three counts:
>
> Count One - burglary of a dwelling (unocc.)
> Count Two - burglary of a dwelling (unocc.)
> Count Three - grand theft (dwelling) (more than $100.00)

## PROCEDURAL BACKGROUND

Hastings' guilty plea was entered on August 10, 2005. He was adjudicated guilty on all three counts and sentenced to fifteen years prison on the burglary counts as a prison releasee reoffender. He received a five year prison term for the grand theft count, with all sentences running concurrently. Hastings did not file a direct appeal.

On October 26, 2005, Hastings filed a *pro se* motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The state trial court, on January 18, 2006, denied the 3.800(a) motion without a hearing. One of the claims in the 3.800(a) motion was the same claim that he now raises in the petition before this Court, to wit: that he was improperly charged with two counts of burglary of a dwelling because the properties were merely structures under construction. In his 3.800 motion, he argued the properties had

never been connected to a fresh water supply, sewage system, or its own power source, and had never been inspected and issued a final occupancy permit.

The state trial court denied the claim on the ground that the uncompleted buildings designed to be used as a dwelling fit the statutory definition in the burglary statute. Hastings did not appeal the state court's ruling denying his Rule 3.800(a) motion.

Subsequently, on May 26, 2006, Hastings filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and again raised his argument that he burglarized, not a dwelling, but a "structure." The state trial court (a different judge than ruled on the Rule 3.800 motion) again denied this claim. Hastings appealed this order and, on March 30, 2007, the state district court *per curiam* affirmed without written decision. Hastings v. State, 953 So. 2d 527 (Fla. 2d DCA 2007) [table]. The mandate issued April 20, 2007.

On May 24, 2007, Hastings timely filed this petition in federal court.

## SECTION 2254 THRESHOLD

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. §2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

(1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

In Williams, 529 U.S. at 364, 365, the Supreme Court held:

Under the "contrary to" clause, a federal court may grant the writ if the state court (1) arrives at a conclusion opposite to that reached by this Court on a question of law or (2) decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Additionally, federal habeas relief is available under the "unreasonable application" standard only if the state court's application of clearly established federal law was "objectively unreasonable." Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001).

In a proceeding under the second standard (an unreasonable determination of the facts), a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1). This statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994).

## DISCUSSION

In the petition before this Court, Hastings makes two claims:

**Ground One:** Ineffective assistance of counsel -- Petitioner was denied his Sixth and Fourteenth Amendment right to effective assistance of counsel, which resulted in Petitioner's conviction and sentence to the crime of "burglary of a dwelling" when the buildings did not qualify as dwellings pursuant to Florida Statute Section 810.011.

**Ground Two:** Conviction under improper statute -- Counsel was ineffective for failing to investigate the fact that the buildings under construction located at 1133 and 1143 Elderberry Drive had not yet qualified as a "dwelling" at the time of the burglary pursuant to Florida Statute 810.011.

Though cast as separate claims, both are based on Petitioner's contention that he burglarized "structures," not "dwellings." Florida Statutes provide a lesser penalty for burglary of a "structure." Petitioner acknowledges that he is contending that the state courts at both the trial and appellate levels were incorrect in their interpretation of Florida law on this issue:

> Petitioner asserts that the lower court and the district court of appeal's denial of grounds one and two of his motion for post-conviction relief was contrary to well established law.

(Petition, p. 7(c))

This assertion brings into focus that Hastings is not arguing merely his own lawyer's erroneous interpretation and advice, he is arguing that the state courts erred in interpreting the law of Florida. He asks this Court to overrule the state court's interpretation of its own law. Such is not the province of the federal court. It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess

them on such matters.  Herring v. Secretary, Dept. Of Corrections, 397 F. 3d 1338 (11th Cir. 2005).  Put another way, this Court does not sit as a court of appeals to consider whether state courts made erroneous decisions on interpretations of state law, only whether such decisions were contrary to "clearly established federal law."  28 U.S.C. §2254(d).

These claims do not become cognizable in federal court merely because Petitioner characterizes them in terms of ineffective assistance of counsel.  At bottom, the claims are still that the state courts misinterpreted or misapplied Florida law.

If, arguendo, this Court were to entertain Petitioner's arguments on the grounds of ineffective assistance of counsel, the claims would fare no better.  First, trial counsel can hardly be faulted for giving the same interpretation of the burglary statute as did the state courts.  The state courts ruled that Petitioner's interpretation of the word "dwelling" in the Florida burglary statute, that a building must have the present capacity to be lived in to be a "dwelling," is incorrect.  Therefore, Petitioner's trial counsel did not perform deficiently nor was Petitioner prejudiced.  In spite of his guilty plea, Petitioner was still able to make his legal arguments on the definition of "dwelling" to the state courts and his argument was held to be wrong.  He has not shown that the outcome would have been any different had his attorney made the same argument before the entry of Petitioner's guilty plea.

Second, Petitioner is incorrect in his assertion that the rulings of the state courts were contrary to "well established law."  Florida law on the issue appears to be neither "well established," nor contrary to the rulings of the state courts.  In his petition, Hastings cites in support of his argument Perkins v. State, 682 So. 2d 1083 (Fla. 1996).  Contrary to Hastings'

interpretation, the Florida Supreme Court, in Perkins, pointed out that the Florida burglary statute was amended in 1982 and broadened the common law definition of the word that the court had used previously. The common law definition of "dwelling" required that a structure "be occupied and not merely capable of or suitable for occupation." Florida Statute 810.011(2) now provides:

> "Dwelling" means a building or conveyance of any kind, either temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.

In Perkins, the Florida Supreme Court agreed with the district court of appeal that occupancy was no longer a critical element under the statutory definition, "(r)ather, it is the design of the structure of conveyance which becomes paramount." Perkins, 682 So. 2d at 1084. In Gonzalez v. State, 724 So. 2d 126 (Fla. 3d DCA 1998), another case cited by Petitioner, the Third District Court of Appeal held that a house under construction, not yet occupied, and still owned by the developer, came within the definition of a "dwelling."

Petitioner has been able to show that at least one district court of appeal might disagree with Gonzalez. In Anderson v. State, 831 So. 2d 702 (Fla. 4th DCA 2002), the Fourth District Court of Appeal, *in dicta*, implied that it might disagree with the Third District concerning homes under construction. That dicta certainly does not make the law "well established" in favor of Petitioner. Nor does it make his trial counsel's advice deficient. In fact, his trial counsel's advice appears to be in conformance with the wording of the Florida Supreme Court in Perkins.

## CONCLUSION

Because Petitioner's claims are not cognizable in a federal habeas petition, and because Petitioner's trial counsel was not ineffective, the petition will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on February 3, 2009.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2007\07-cv-925.deny 2254.wpd*